IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DURON B. PEOPLES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARK GARMAN, ET AL. | : | NO. 20-6324 |

### MEMORANDUM

**Padova, J.**                                                                  **December 7, 2022**

Before the Court is Duron B. Peoples's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On March 29, 2022, United States Magistrate Judge Lynne A. Sitarski filed a Report and Recommendation ("R&R") recommending that we deny the Petition in its entirety. Petitioner has filed Objections to the R&R.[1] For the reasons that follow, we overrule the Objections, adopt the R&R, and deny the Petition with prejudice.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2014, a jury convicted Petitioner of first-degree murder, conspiracy to commit murder, burglary, and solicitation of first-degree murder in relation to the shooting death of Jonas Suber. Commonwealth v. Peoples, 240 A.3d 183 (table), 2020 WL 4883832, *2 (Pa. Super. Ct. Aug. 20, 2020). The evidence presented at Petitioner's trial established that Petitioner hired Eric Coxry and Shamone Woods to shoot and kill Suber in his home with a .45 caliber pistol provided by Petitioner. Commonwealth v. Peoples, Crim. A. No. 3317 EDA 2014, 2015 WL 6948437, *1 (Pa. Super. Ct. Oct. 30, 2015), appeal denied, 136 A.3d 980 (Pa. 2016). The prosecution connected Petitioner to the hired shooting through, inter alia, the testimony of Donte

---

[1] Along with his Objections, Petitioner filed a "Motion for Leave to File Exhibits in Support of 'Objections.'" (Docket No. 17.) We grant the Motion to the extent it seeks leave to file the Exhibits attached to the Objections, which are already included in the state court record.

Carter who stated that Petitioner first solicited him to kill Suber but he refused; the testimony of Clarence Milton who stated that on the day before the shooting Coxry told him that he received "$20,000 to 'take care [of] the whole situation' with Suber;" and evidence seized from Petitioner's home, including a box of .45 caliber bullets. Peoples, 2020 WL 4883832, at *1-2, 8 (quoting 9/23/14 N.T. at 99-102). Following his conviction, Petitioner was sentenced to life imprisonment for first-degree murder, plus a consecutive sentence of ten to twenty years for soliciting Carter to kill Suber. Id. at *2 (citation omitted). On October 30, 2015, the Pennsylvania Superior Court affirmed Petitioner's conviction and on April 12, 2016, the Pennsylvania Supreme Court denied Petitioner's subsequent petition for allowance of appeal. Id. (citation omitted).

On November 14, 2017, Petitioner filed a counseled petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541-46 ("PCRA"). Id. at *3. In his PCRA petition, Petitioner claimed, inter alia, that his trial counsel was ineffective for failing to call several key witnesses. Id. The PCRA court dismissed Petitioner's claims as meritless and the Superior Court affirmed, finding that Petitioner failed to establish that his trial counsel either knew or should have known about one of the potential witnesses or that the other potential witnesses were willing and available to testify on Petitioner's behalf. Id. at *9-11. The Pennsylvania Supreme Court denied Petitioner's subsequent petition for allowance of appeal. Commonwealth v. Peoples, 244 A.3d 1227 (table) (Pa. 2021).

On November 23, 2020, Petitioner filed the instant pro se habeas Petition containing four claims for relief. Magistrate Judge Sitarski recommends that we deny the Petition in its entirety. Petitioner has filed Objections to Magistrate Judge Sitarski's recommendations that we deny his first claim for relief—that his trial counsel was ineffective in failing to call exculpatory witnesses—and his second claim for relief—that his trial counsel was ineffective in failing to

object to Clarence Milton's testimony to an "out-of-court statement made by a non-testifying co-defendant." (Hab. Pet. at 9 of 20.)  Petitioner has not objected to Magistrate Judge Sitarski's recommendations that we deny his third and fourth claims for relief.

## II.   STANDARD OF REVIEW

Where a habeas petition has been referred to a magistrate judge for a report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  The state habeas statute, 28 U.S.C. § 2254, provides that the "district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  "The petitioner carries the burden of proof." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citation omitted).

Pursuant to § 2254, a petition for writ of habeas corpus may be granted only if (1) the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).  In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained the two components of § 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a

3

> federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13.  In order to determine "whether a state court's application of federal law is 'unreasonable,'" a court must apply an objective standard, such that the relevant application "may be incorrect but still not unreasonable."  Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001) (quoting Williams, 529 U.S. at 409-10).  The test is whether the state court decision "resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent."  Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir. 1999) (en banc).  In order to determine whether a state court's adjudication arose from an unreasonable determination of the facts in light of the evidence, we presume that the "'[f]actual issues determined by [the] state court are . . . correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.'"  Dellavecchia v. Sec'y Pa. Dep't of Corrs., 819 F.3d 682, 692 (3d Cir. 2016) (first alteration in original) (quoting Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000)).

**III.   DISCUSSION**

    A.   <u>Ineffective Assistance of Counsel in Failing to Call Exculpatory Witnesses</u>

In his first claim for relief, Petitioner asserts that his trial counsel was ineffective for failing to call four exculpatory witnesses.  Magistrate Judge Sitarski recommends that we deny the Petition with respect to this claim because Petitioner did not show that his trial counsel's performance was deficient in failing to call those witnesses or that the Superior Court unreasonably applied federal law when it considered this claim.  Petitioner objects to this recommendation as it pertains to trial counsel's failure to call as trial witnesses three of the four individuals identified in

4

the Petition—Corporal Wall, Jason Smith, and Detective Dykes.[2] Petitioner argues in the Petition that Pennsylvania's test for ineffective assistance of counsel for failure to call a witness is contrary to federal law and that the Superior Court unreasonably determined that he failed to satisfy the federal law standard for establishing ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668 (1984).

           1.    The Clearly Established Federal Law

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must demonstrate that (1) his attorney's performance was deficient, i.e., that the performance was unreasonable under prevailing professional standards, and (2) that he was prejudiced by his attorney's performance. Strickland, 466 U.S. at 687-88, 691-92. A defendant demonstrates prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Counsel cannot be found to be ineffective for failing to pursue a meritless claim. See United States v. Bui, 795 F.3d 363, 366-67 (3d Cir. 2015) ("'[T]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.'" (quoting United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999))).

---

[2] Petitioner asserts in the Petition that Corporal Wall, a ballistics expert, would have testified regarding a report he prepared, in which he concluded that the bullets recovered from the scene of Suber's murder matched bullets recovered from the scene of an unrelated murder committed by Shamone Woods prior to the date on which the Commonwealth established that Petitioner gave the gun to Woods. Petitioner also maintains that Jason Smith would have testified regarding a statement he made to police, in which he reported that Woods had committed the unrelated shooting and had then asked Smith's girlfriend to hide the gun. Petitioner further contends that Detective Dykes would have testified that he took Smith's statement regarding Woods's request to hide the gun. Petitioner maintains that the absence of this testimony prejudiced him at trial because, if provided with this testimony, a reasonable jury could have concluded that Petitioner was not the source of the gun used in Suber's murder.

Under Pennsylvania law, a PCRA petitioner who contends that his trial counsel was ineffective in failing to call a witness must establish the following:

> (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on [the petitioner's] behalf; and (5) that the absence of the testimony prejudiced [the petitioner].

Commonwealth v. Fulton, 830 A.2d 567, 572 (Pa. 2003) (citation omitted).  The United States Court of Appeals for the Third Circuit has held that the test set forth in Fulton "is not contrary to the test set forth in Strickland" because "[t]he five requirements set forth by the Pennsylvania Supreme Court would necessarily need to be shown to prevail under Strickland on a claim of this nature."  Moore v. DiGuglielmo, 489 F. App'x 618, 626 (3d Cir. 2012) (citing Rolan v. Vaughn, 445 F.3d 671, 683 (3d Cir. 2006)).

### 2. The Law Applied by The Superior Court

The Superior Court found that Petitioner failed to satisfy the Fulton test with respect to each witness and thereby affirmed the PCRA court's denial of Petitioner's claim.  See Peoples, 2020 WL 4883832, at *10-11 n.8.  Petitioner argues that the Superior Court applied law contrary to clearly established federal law in reaching this decision.  See 28 U.S.C. § 2254(d)(1).  Specifically, Petitioner contends, based on the Third Circuit's opinion in Grant v. Lockett, 709 F.3d 224 (3d Cir. 2013), abrogated on other grounds by Dennis v. Sec'y Pa. Dep't of Corrs., 834 F.3d 263, 292-93 (3d Cir. 2016), that Pennsylvania's Fulton test for ineffective assistance of counsel for failure to call a witness is inconsistent with Strickland and, therefore, his claim for ineffective assistance was unreasonably denied based on his failure to establish each witness's availability and willingness to testify on his behalf.

In <u>Grant</u>, the court noted, in dicta, that it was "troubled" by the requirement that a PCRA petitioner in Pennsylvania must show that a purported witness was "'ready, willing, and able to testify'" at trial because "defense counsel can compel testimony through a trial subpoena." <u>Grant</u>, 709 F.3d at 239 n.10. While the Third Circuit reiterated this concern in dicta in 2015, it has not held that the <u>Fulton</u> test is contrary to <u>Strickland</u>. <u>See</u> <u>Gregg v. Rockview</u>, 596 F. App'x 72, 76 n.4 (3d Cir. 2015). Accordingly, the district courts in this Circuit continue to follow the Third Circuit's determination in <u>Moore</u> that <u>Fulton</u> is not contrary to Strickland. <u>See, e.g.</u>, <u>Johnson v. Tice</u>, Civ. A. No. 19-5796, 2021 WL 3190642, at *3 (E.D. Pa. July 28, 2021) (quoting <u>Moore</u>, 489 F. App'x at 625); <u>Stewart v. Ferguson</u>, Civ. A. No. 17-893, 2021 WL 465411, at *6 (M.D. Pa. Feb. 9, 2021) ("Although this standard is not identical to the <u>Strickland</u> standard, the Third Circuit has held that 'the Pennsylvania test is not contrary to the test set forth in <u>Strickland</u>.'" (quoting <u>Moore</u>, 489 F. App'x at 626)); <u>Woolard v. Gilmore</u>, Civ. A. No. 17-190, 2020 WL 7344610, at *7 n.2 (E.D. Pa. May 27, 2020), <u>report and recommendation adopted</u>, 2020 WL 7336934 (E.D. Pa. Dec. 14, 2020) ("'[T]he 'Pennsylvania test is not contrary to <u>Strickland</u>.'" (quoting <u>Moore</u>, 489 F. App'x at 625)). Thus, we conclude that the Superior Court did not apply law contrary to clearly established federal law and we overrule Petitioner's objection to Magistrate Judge Sitarski's denial of his first claim in this respect. <u>See</u> 28 U.S.C. § 2254(d)(1).

### 3. Application of the Law and Determination of the Facts

Since the Superior Court did not apply law contrary to clearly established federal law, Petitioner is entitled to relief only if he has shown that the Superior Court's adjudication was based on an unreasonable determination of the facts in light of the evidence. <u>See</u> § 2254(d)(1)-(2). Here, Petitioner argues that the Superior Court unreasonably determined that he failed to satisfy the <u>Fulton</u> test with respect to each of his proposed witnesses.

7

First, Petitioner argues that the Superior Court erred in finding that he failed to establish Corporal Wall's availability to testify at trial. Petitioner asserted in his PCRA proceeding that Corporal Wall "'is a professional'" and, as such, "'would have been available to testify if given reasonable notice.'" Peoples, 2020 WL 4883832, at *11 (quoting Pet.'s PCRA Appeal Br. at 21-22). The Superior Court found that this "conclusory statement" did not establish that Corporal Wall was available to testify at trial for purposes of Fulton. Id.

Second, Petitioner asserts that the Superior Court erred in finding that he failed to show that Jason Smith and Detective Dykes were willing to testify on his behalf. Petitioner asserted in his PCRA proceeding that "'[t]here is no indication that Smith would not have been willing and available to testify to the information he gave in the police interview.'" Id. (alteration in original) (quoting Pet.'s PCRA Appeal Br. at 22). Petitioner made no showing in his PCRA proceeding as to Detective Dykes's willingness to testify. Id. at *10 n.8. The Superior Court noted that Petitioner did "not present any argument regarding Dykes as a potential witness" and found that Petitioner's "assumption that Smith would be willing and available to testify and that his testimony would be consistent with his statement to the police" was "insufficient to establish ineffective assistance of counsel by a preponderance of the evidence." Id. at *10 n.8, 11 (citations omitted).

Third, Petitioner argues that the Superior Court erred in finding that he failed to show that his trial counsel was aware of Jason Smith's statement. Petitioner asserts, apparently for the first time in the instant Petition, that "Smith's statement was a part of Discovery that trial counsel received long before the commencement of trial." (Pet.'s Obj. at 8.) The Superior Court did not find that Smith's statement was a part of discovery and held that Petitioner failed to show "that trial counsel knew or should have known about Smith's statement, which he gave in connection with an unrelated shooting." Peoples, 2020 WL 4883832, at *11.

"[I]n light of the evidence presented in the State court proceeding," we conclude that the Superior Court's findings were not unreasonable. 28 U.S.C. § 2254(d)(2). "The Court of Appeals for the Third Circuit has said that where a habeas petitioner contends that trial counsel was ineffective for failing to call a witness, he must establish that the witness was available to testify, and identify the nature of the witness's testimony." Redman v. Smeal, Civ. A. No. 09-630, 2009 WL 6353688, at *6 (E.D. Pa. Oct. 8, 2009), report and recommendation approved, 2010 WL 1462358 (E.D. Pa. Apr. 12, 2010) (citing Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991). "Neither here, nor in state court, has [Petitioner] ever presented an affidavit from" Corporal Wall, Jason Smith, or Detective Dykes "representing an availability and willingness to testify." Id. at *7; see also Moore, 489 F. App'x at 627 (finding that a state habeas petitioner had failed to establish ineffective assistance of counsel for failure to call a witness where he did not provide the court with an affidavit from the proposed witness stating that the witness was willing to testify). Further, Petitioner has offered no support for his contention that "Smith's statement was a part of Discovery." (Pet.'s Obj. at 8.) Petitioner attached a copy of the statement to his Objections, but we cannot presume by looking at the document that it was, in fact, part of discovery or that Petitioner's trial counsel ever knew it existed. (See id. Ex. B.) Thus, we conclude that the Superior Court did not rely on an unreasonable determination of the facts in denying Petitioner's claim of ineffective assistance of counsel for failure to call Corporal Wall, Jason Smith, or Detective Dykes as witnesses at trial. See 28 U.S.C. § 2254(d)(2).

Accordingly, we overrule Petitioner's objection to Magistrate Judge Sitarski's recommendation that we deny his first claim for relief and we adopt the R&R as to this claim.

B.     Trial Counsel's Failure to Object to Clarence Milton's Testimony

In his second claim for relief, Petitioner asserts that his trial counsel was ineffective because he failed to object to Clarence Milton's testimony "to an alleged out-of-court statement made by a non-testifying co-defendant that implicated . . . both of them." (Hab. Pet. at 9 of 20.) In relevant part, Milton testified that on the day prior to Suber's murder, Coxry, Petitioner's coconspirator, "showed Milton a .45 caliber pistol" and told Milton that "he had been paid $20,000 to 'take care [of] the whole situation' with Suber." Peoples, 2020 WL 4883832, at *1 (quoting 9/23/14 N.T. at 102). Petitioner asserts that his trial counsel should have objected to Milton's testimony as either a violation of his Sixth Amendment right "to be confronted with the witnesses against him" or as inadmissible hearsay. U.S. Const. amend. VI. Magistrate Judge Sitarski recommends that we deny this claim because Petitioner failed to exhaust his state court remedies with regard to this claim and it is now procedurally defaulted. Petitioner objects to this recommendation, arguing that his procedural default may be excused pursuant to Martinez v. Ryan, 566 U.S. 1 (2012).

Petitioner does not dispute that his claim is procedurally defaulted because he failed to raise it on state collateral review. See Preston v. Superintendent Graterford SCI, 902 F.3d 365, 375 (3d Cir. 2018). Instead, Petitioner argues that his procedural default should be excused, and the court should reach the merits of his claim, because he has shown cause for his default and prejudice arising therefrom. See generally Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.").

Petitioner argues that he can demonstrate cause and prejudice to excuse his default because his PCRA counsel was ineffective for failing to present this claim in his PCRA petition. In Martinez, the United States Supreme Court "carved out a 'narrow exception' to procedural default." Cruz-West v. Superintendent Fayette SCI, 855 F. App'x 85, 87 (3d Cir. 2021) (discussing Martinez, 566 U.S. at 17). The Supreme Court stated in Martinez that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a *substantial* claim of ineffective assistance at trial if, in the initial . . . collateral proceeding, . . . counsel . . . was ineffective." Martinez, 566 U.S. at 17 (emphasis added). Thus, ineffective assistance of counsel in a collateral proceeding can constitute the cause required to excuse Petitioner's procedural default, if "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that . . . the claim has some merit." Id. at 14 (citation omitted). "A claim has some merit so long as 'reasonable jurists could debate' its merits, or it 'deserve[s] encouragement to proceed further.'" Cruz-West, 855 F. App'x at 87 (quoting Preston, 902 F.3d at 377). Here, Petitioner asserts that his claim of ineffective assistance of counsel is a substantial one for purposes of Martinez because his trial counsel provided constitutionally ineffective assistance by failing to object to Milton's testimony as violating Bruton v. United States, 391 U.S. 123 (1968), or as inadmissible hearsay.

1. Failure to Object to Alleged Bruton Violation

Petitioner contends that his trial counsel was ineffective in failing to object to Milton's testimony as a violation of his Confrontation Clause rights as set forth in Bruton. In Bruton, the Supreme Court held that the admission of a non-testifying codefendant's confession may violate the other defendant's Confrontation Clause rights if the confession implicates the other defendant.

11

Bruton, 391 U.S. at 126; see also Johnson v. Superintendent Fayette SCI, 949 F.3d 791, 797-98 (3d Cir. 2020) (concluding that Bruton was violated during a joint murder trial where the trial court admitted the non-testifying co-defendant's redacted confession, which replaced references to the defendant with terms including "the other guy").

In evaluating whether a Bruton violation has occurred, the Third Circuit applies a two-step framework. United States v. McIntosh, No. 18-2696, 2022 WL 212310, at *2 (3d Cir. Jan. 25, 2022) (citing United States v. Berrios, 676 F.3d 118, 127-29 (3d Cir. 2012)). The court first asks "whether the contested statement by an out-of-court declarant qualifies as testimonial . . . ." Berrios, 676 F.3d at 127 (footnote omitted). If the statement is testimonial, the court then determines whether the trial court employed "a sufficient safeguard" to protect the defendant's right to confrontation, "for example, by ensuring that [the non-testifying co-defendant's] out-of-court testimony eliminated all references that could inculpate [the other defendant.]" McIntosh, 2022 WL 212310, at *2 (citing Berrios, 676 F.3d at 127).

With respect to the first step of the Bruton analysis, the Supreme Court has made clear that "the Confrontation Clause protects the defendant *only* against the introduction of *testimonial* hearsay statements." Berrios, 676 F.3d at 126 (second emphasis added) (citing Davis v. Washington, 547 U.S. 813, 823-24 (2006); Michigan v. Bryant, 562 U.S. 344, 353-55 (2011); Whorton v. Bockting, 549 U.S. 406, 419-20 (2007)). "Although we lack an authoritative definition of 'testimonial,'" id. at 127, the Supreme Court has "provided several concrete examples of obviously testimonial statements, referencing: 'prior testimony [given] at a preliminary hearing, before a grand jury, or at a former trial; and . . . [during] police interrogations.'" United States v. Hendricks, 395 F.3d 173, 180 (3d Cir. 2005) (first alteration in original) (quoting Crawford v. Washington, 541 U.S. 36, 68 (2004)). A formal statement to government officers is testimonial,

but a "casual remark to an acquaintance" is not. Crawford, 541 U.S. at 51. Thus, "'[t]estimonial' statements under the Confrontation Clause are those made by 'witnesses' who 'bear testimony,' such as by making a 'formal statement to government officers,' and are not statements made casually to acquaintances." Waller v. Varano, 562 F. App'x 91, 94 (3d Cir. 2014) (quoting Crawford, 541 U.S. at 51-52) (citations omitted).

Applying this law to the statement Coxry gave to Milton—that "he had been paid $20,000 to 'take care [of] the whole situation' with Suber"—we conclude that the statement is not testimonial because it was offered informally to an acquaintance. Peoples, 2020 WL 4883832, at *1 (quoting 9/23/14 N.T. at 102); see United States v. Fleming, 287 F. App'x 150, 154 (3d Cir. 2008) (finding that the audio portion of a videotaped drug transaction was not testimonial because the statements made were "not 'solemn declaration[s]', but 'casual remark[s]' made to acquaintances"); Waller, 562 F. App'x at 94-95 (determining that a statement by petitioner's coconspirator to the coconspirator's cousin, indicating that the coconspirator "had recently been involved in a crime," was "plainly" not testimonial). Coxry's statement to Milton was not a solemn declaration, a formal statement to a police officer, or "prior testimony at a preliminary hearing, before a grand jury, or at a former trial." Crawford, 541 U.S. at 68. Therefore, the statement at issue here is not testimonial, and, accordingly, it falls outside the scope of the Confrontation Clause and Bruton. See Bruton, 391 U.S. at 126 (discussing only the sufficient safeguard step of the two-step analysis for identifying Confrontation Clause violations).

We therefore conclude that Petitioner's "underlying ineffective-assistance-of-trial-counsel claim" for failure to raise a Bruton violation is not substantial for purposes of Martinez because Bruton is inapplicable to Milton's testimony. Accordingly, we conclude that Petitioner cannot establish cause and prejudice to excuse his procedural default of this claim and we overrule

13

Petitioner's objection to Magistrate Judge Sitarski's denial of his second claim in this respect. See Martinez, 566 U.S. at 14 (citation omitted).

2. Failure to Make Hearsay Objection

In the alternative, Petitioner argues that his trial counsel was ineffective in failing to object to Milton's testimony as hearsay. "Under Pennsylvania law, '[h]earsay is an out-of-court statement offered to prove the truth of the matter asserted.'" Ragan v. Sec'y Pa. Dep't of Corrs., 687 F. App'x 177, 180 (3d Cir. 2017) (quoting Commonwealth v. Puksar, 740 A.2d 219, 225 (Pa. 1999)). At Petitioner's trial, Milton testified to an "out-of-court" statement made by Petitioner's coconspirator Coxry. See Peoples, 2020 WL 4883832, at *1 (quoting 9/23/14 N.T. at 102). Absent an affidavit or declaration from the prosecution as to why the evidence was admitted, we cannot determine if the testimony was offered for the truth of the matter it asserted.[3] Under these circumstances, we cannot conclude that Milton's testimony amounted to hearsay or that Petitioner's trial counsel rendered constitutionally ineffective assistance in failing to object to Milton's testimony on that basis. Harrington v. Richter, 562 U.S. 86, 110 (2011) ("Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial." (quoting Strickland, 466 U.S. at 686)).

Moreover, we cannot conclude that Petitioner was prejudiced by his trial counsel's alleged error. See Strickland, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." (citation omitted)). Petitioner argues that Milton's testimony "was extremely

---

[3] The District Attorney of Chester County argues that the testimony was not hearsay because it was introduced "as circumstantial evidence of the formation and existence of a conspiracy" and not for the truth of the matter it asserted. (Cnty.'s Resp. to Pet.'s Objections at 12 (citing Commonwealth v. Cassidy, 462 A.2d 270 (Pa. Super. Ct. 1983).) The County, however, offers no support for this contention.

important to discredit, because the jury after the penalty phase state[d] that the only aggravating factor they found to believe was the statement . . . which Mr. Milton said he heard by a non-testifying co-defendant." (Hab. Pet. at 9 of 20.) Petitioner, however, offers no evidence to support this assertion and, having reviewed the trial record, we find none. Thus, we conclude that Petitioner has failed to make a prima facie showing of ineffective assistance of counsel and we further conclude that Petitioner's claim is not substantial for purposes of excusing his procedural default under Martinez.

For all of these reasons, we conclude that Petitioner has failed to establish cause and prejudice to excuse the procedural default of his second claim. Accordingly, we overrule Petitioner's objection to Magistrate Judge Sitarski's recommendation that we deny his second claim for relief as procedurally defaulted and adopt the R&R as to this claim.

**IV.   CONCLUSION**

For the foregoing reasons, we overrule each of Petitioner's objections, adopt Magistrate Judge Sitarski's R&R in its entirety, and deny the Petition with prejudice. In addition, as Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrate that a reasonable jurist would debate the correctness of this ruling, we decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.